UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN AVANT,

        Petitioner,

    v.

RICK HILL,

        Respondent.

Case No. 13-cv-03220-YGR (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The petition for such relief is DENIED.

## BACKGROUND

Evidence presented at trial showed that in 2008, Petitioner attacked his girlfriend, Mary Burgess, with a metal rod, causing injuries to her hands, head, and shoulder. Such evidence included the testimony of Matthew Kurrle, a San Jose police officer. He testified at trial that Burgess[1], who was coherent and had good recall of the events, stated that

---

[1] Burgess did not appear at the preliminary hearing and appeared at trial only after a warrant for her appearance had been executed. (Ans., Ex. 7A, Vol. 1 at 24-25.) At trial, she testified that she did remember she and Petitioner arguing and being angry with each other, (*id.* at 33.), but did not remember whether Petitioner broke her hand or whether she broke it when she fell in the mud on her way to a shelter, (*id.* at 28).

Petitioner had hit her with a metal rod while saying, "I'm going to kill you." (Ans., Ex. 7A, Vol. 1 at 69-70.)

In 2010, a Santa Clara County Superior Court jury found Petitioner guilty of assault with a deadly weapon and inflicting corporal injury on a spouse or cohabitant, and found true an allegation that Petitioner had personally used a dangerous and deadly weapon in the commission of the assault. The trial court found true allegations that Petitioner had prior convictions. Consequent to these verdicts and findings, the trial court sentenced him to fourteen years in state prison. (Ans., Ex. 2 (State Appellate Opinion) at 1.) Petitioner was denied relief on state judicial review. This federal habeas petition followed.

As grounds for federal habeas relief, Petitioner claims that (1) the admission of evidence of a prior conviction violated his right to due process; (2) the trial court violated his right to due process by instructing the jury on evidence of prior domestic violence; (3) defense counsel rendered ineffective assistance; and (4) there was cumulative error.

## STANDARD OF REVIEW

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–

13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I. Admission of Evidence of Prior Conviction

The gravamen of this and the next two habeas claims is the admission and use of evidence of a prior conviction for domestic violence.

The trial court admitted evidence, over a defense objection, that in 2007 Petitioner received a felony conviction in a Washington superior court for his third violation of a "no contact order."[2] (Ans., Ex. 2 at 5.) Under Washington law, Petitioner's offense qualified as an act of "domestic violence."[3] (*Id.* at 7.) It also qualified as an act of domestic violence under California law according to the California trial court, which admitted the evidence under section 1109 of the Evidence Code ("Evidence of defendant's other acts of domestic violence"). (*Id.* at 5.)

Petitioner claims admission of this evidence was prejudicial and constituted impermissible character or propensity evidence. (Pet. at 7–9.) The state appellate court rejected these claims. First, it held that the trial court properly concluded that the

---

[2] There was no testimony at trial regarding the prior conviction. It was, however, mentioned by the prosecutor and defense counsel in their closing arguments. (Ans., Ex. 2 at 8, 9.)

[3] The Washington state superior court judgment reads in part as follows: "the court finds that the defendant has been charged with, arrested for, or convicted of a domestic violence offense." (Ans., Ex. 2 at 7.)

3

1   Washington conviction "constituted a prior domestic violence conviction" under California

2   law. (*Id.* at 12–13.) The court declared that "domestic violence" under California law

3   includes such behavior as stalking, threatening, harassing, and even telephoning another

4   person. (*Id.* at 12.) It further concluded that the trial court properly admitted the evidence

5   under section 1109, a state statute specifically enacted to allow the admission of evidence

6   of prior acts of domestic violence, an exception to the traditional rule against the admission

7   of propensity evidence. (*Id.* at 10, 13.) It also found that the evidence was "not

8   prejudicially more inflammatory than the conduct for which [Petitioner] was charged," and

9   that its admission did not involve an undue consumption of time. (*Id.* at 14.)

10   Habeas relief is not warranted here because no remediable federal constitutional

11   violation occurred. First, a petitioner's due process rights concerning the admission of

12   propensity evidence is not clearly established for purposes of review under AEDPA, the

13   Supreme Court having reserved this issue as an "open question." *Alberni v. McDaniel*,

14   458 F.3d 860, 866–67 (9th Cir. 2006). Second, even if the evidence were prejudicial, the

15   Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly

16   prejudicial evidence constitutes a due process violation sufficient to warrant issuance of

17   the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Third, any claim

18   that the state court erred in admitting the evidence under state law, or that the Washington

19   conviction does not qualify as a conviction for domestic violence under California law, is

20   not remediable on federal habeas review. The state appellate court's ruling that the

21   evidence was properly admitted and defined under state law binds this federal habeas

22   court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

23   Petitioner also contends that "domestic violence" is restricted by law to mean

24   "abuse," that is, "causing or attempting to cause bodily injury or placing another person in

25   reasonable fear of imminent serious bodily injury." (Pet. at 17.) This is incorrect. The

26   state appellate court went to great lengths to explain that "domestic violence" includes acts

27   <u>other</u> than abuse, e.g., stalking, threatening or even telephoning another person. (Ans., Ex.

28   2 at 12.) It was reasonable for the state court to conclude that Petitioner's conviction for

4

violating a no-contact order was greatly similar to this expanded version of "domestic violence." Based on the foregoing, the state appellate court's rejection of Petitioner's claim was reasonable and is therefore entitled to AEDPA deference. Accordingly, this claim is DENIED.

## II.     Jury Instruction on Prior Act Evidence

The trial court limited how the jury could use the prior act evidence. It gave the following instruction, a modified version of CALCRIM No. 852 ("Evidence of Uncharged Domestic Violence"), which had been requested by the prosecutor and to which defense counsel did not object:

> The People presented evidence that the [Petitioner] committed domestic violence that was not charged in this case, specifically, proof of a prior conviction for a violation of a restraining order in 2007 in Washington State. You may consider this evidence only if the People have proved by a preponderance of the evidence that the [Petitioner] in fact committed the uncharged domestic violence.
>
> Proof by a preponderance of the evidence is a different burden of proof from proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true.
>
> If the People have not met this burden of proof, you must disregard this evidence entirely. If you decide that the [Petitioner] committed the uncharged domestic violence, you may but are not required to conclude from that evidence that the [Petitioner] was disposed or inclined to commit domestic violence, and based on that decision, also conclude that the [Petitioner] was likely to commit and did commit Counts 1 and 2 as charged here.
>
> If you conclude that the [Petitioner] committed the uncharged domestic violence, that conclusion is only one factor to consider, along with all of the other evidence. It is not sufficient by itself to prove that the [Petitioner] is guilty of Counts 1 and 2. The People must still prove each charge and allegation beyond a reasonable doubt. Do not consider this evidence for any other purpose.

(Ans., Ex. 2 at 15.)

Petitioner claims this instruction violated his due process rights. First, he argues that the documentation of the prior conviction did not support an inference that he was likely to commit and did commit the acts for which he was charged. (Pet. at 18–19.) Second, he claims the instruction incorrectly stated the law when it failed to define "domestic violence." (*Id.* at 19–21.) By extension, he then submits that the jury then was not allowed to consider whether a violation of a no-contact order falls within the definition of domestic violence. Third, he alleges that the instruction impermissibly lowered the burden of proof. (*Id.* at 21.)

The state appellate court rejected these claims. Thus: it concluded that the trial court properly admitted the prior act evidence under section 1109. "The trial court properly found that [the documentary evidence] constitutes proof of a prior conviction for domestic violence which could support an inference that [Petitioner] had a propensity to commit domestic violence against a female cohabitant and therefore was likely to commit the charges against him." (Ans., Ex. 2 at 16.) Also, it found proper the trial court's instruction to the jury on how to weigh the evidence, and the failure to define "domestic violence" was harmless error. (*Id.* at 16.)

Habeas relief is not warranted here. First, the state appellate court's determination that the trial court properly admitted the evidence under state law binds this federal habeas court. Richey, 546 U.S. at 76.

Second, the instruction made clear <u>in the first line</u> that "domestic violence" meant "violation of a restraining order": "The People presented evidence that the [Petitioner] committed domestic violence that was not charged in this case, specifically, proof of a prior conviction for a violation of a restraining order in 2007 in Washington State." (Ans., Ex. 2 at 15.) It would have been superfluous for the trial court to define "domestic violence."

Third, Petitioner's claim that the instruction lowered the prosecution's burden of proof is unavailing. The instruction permits, but does not require, the jury to consider evidence that Petitioner committed another offense. Because the instruction was

6

permissive, the jury was not even required to consider such evidence. Rather, the jury was free to accept or reject such evidence, and even if it accepted such evidence as true, to give it any weight it chose.

Additionally, nothing in the instruction lowered the prosecution's burden to prove Petitioner's guilt beyond a reasonable doubt. The instructions themselves explicitly state that the prior act evidence "is not sufficient by itself" to prove Petitioner's guilt. Rather, the prior act evidence was one factor to consider "along with all the other evidence," and that the prosecutor still had the burden to prove each element of each offense beyond a reasonable doubt. The Court must presume that the jurors followed the instructions and applied the proper legal standard. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987).

Based on this record, it was reasonable for the state court to determine both that the trial court had no duty to define "domestic violence," and also to determine that any error was harmless. Both determinations are entitled to AEDPA deference, and Petitioner's claims are DENIED. *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (9th Cir. 2015) (habeas relief under section 2254 is unavailable unless the harmlessness determination itself was unreasonable).

## III. Assistance of Counsel

Petitioner claims defense counsel rendered ineffective assistance when he failed to object to the admission of the prior conviction evidence on grounds that the conviction did not constitute domestic violence under section 1109. He also claims that counsel failed to object to the use of the modified jury instruction. (Pet. at 26.)

The state appellate court did not address this claim in its written opinion. The claim was presented to the state supreme court, which summarily denied it. When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This review is not de novo. "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by

7

1    showing there was no reasonable basis for the state court to deny relief." *Harrington v.*
2    *Richter*, 131 S. Ct. 770, 784 (2011).

3        The record shows that defense counsel objected to admission on grounds that the
4    evidence was more prejudicial than probative; the prior conviction did not qualify as a
5    felony conviction under California law; and the admission of such evidence violated due
6    process under the state and federal constitutions. (Ans., Ex. 2 at 5–6.) However, neither
7    counsel nor the court could remember whether he objected on grounds that the conviction
8    did not qualify as an act of domestic violence under section 1109. (*Id.* at 6.)

9        In order to prevail on a claim of ineffectiveness of counsel, a habeas petitioner must
10   establish two factors. First, he must establish that counsel's performance was deficient,
11   i.e., that it fell below an "objective standard of reasonableness" under prevailing
12   professional norms, *Strickland v. Washington*, 466 U.S. 668, 687–68 (1984), "not whether
13   it deviated from best practices or most common custom," *Richter*, 562 U.S. at 105 (citing
14   *Strickland*, 466 U.S. at 690). "A court considering a claim of ineffective assistance must
15   apply a 'strong presumption' that counsel's representation was within the 'wide range' of
16   reasonable professional assistance." *Id.* at 104 (quoting *Strickland*, 466 U.S. at 689).

17       Second, he must establish that he was prejudiced by counsel's deficient
18   performance, i.e., that "there is a reasonable probability that, but for counsel's
19   unprofessional errors, the result of the proceeding would have been different." *Strickland*,
20   466 U.S. at 694. A reasonable probability is a probability sufficient to undermine
21   confidence in the outcome. *Id.* Where the defendant is challenging his conviction, the
22   appropriate question is "whether there is a reasonable probability that, absent the errors,
23   the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "The
24   likelihood of a different result must be substantial, not just conceivable." *Richter*, 562
25   U.S. at 112 (citing *Strickland*, 466 U.S. at 693).

26       The standards of both 28 U.S.C. § 2254(d) and *Strickland* are "highly deferential
27   . . . and when the two apply in tandem, review is doubly so." *Id.* at 105 (quotation and
28   citations omitted). "The question [under § 2254(d)] is not whether counsel's actions were

1   reasonable. The question is whether there is any reasonable argument that counsel satisfied
2   Strickland's deferential standard." *Id.*

3   Habeas relief is not warranted on petitioner's claim that counsel should have
4   objected on grounds that the prior conviction did not qualify as an act of domestic violence
5   under California law.[4]  Any objection would likely have been rejected.  First, the trial court
6   had rejected counsel's assertions that the evidence was more prejudicial than probative, the
7   prior did not qualify as a felony conviction under California law, and that its admission
8   would violate due process.  Petitioner has not shown that an objection on this fourth
9   ground would have been sustained.  The state appellate court's ruling indicates that it
10  would not.  Second, the Washington judgment declared without equivocation that the
11  crime was an instance of domestic violence.  Petitioner has not shown that California law
12  favors a different reading of the prior conviction under its laws.  Again, the opinion of the
13  state appellate court strongly contradicts any such assertion.  Therefore, any objection by
14  defense counsel would almost certainly have been denied.  It is both reasonable and not
15  prejudicial for defense counsel to forgo a meritless objection. *See Juan H. v. Allen*, 408
16  F.3d 1262, 1273 (9th Cir. 2005).

17  Furthermore, any inquiry into whether it was deficient or prejudicial that defense
18  counsel (allegedly) failed to object inevitably leads to this federal habeas court trying to re-
19  interpret state law and second guess the state appellate court's decision on state law.  As
20  stated above, this Court is bound by the state appellate court's determination that the prior
21  conviction qualified as an act of domestic violence under state law.

22  Habeas relief is also not warranted on Petitioner's claim that his Sixth Amendment
23  rights were violated when counsel failed to object to the use of the modified jury
24  instruction.  His claim is that the instruction failed to define domestic violence.  However,
25  the instruction clearly tied "domestic violence" to the violation of the restraining order and

---

[4] As noted above, counsel may have raised such an objection.  No one, however, remembers him making one.

1  the court had previously determined that the prior conviction constituted domestic
2  violence. An objection would have been futile. It is both reasonable and not prejudicial
3  for defense counsel to forgo a meritless objection. *See Juan H.*, 408 F.3d at 1273.
4      Upon an independent review of the record, the state court's rejection of these claims
5  were not objectively unreasonable. Also, Petitioner has not shown that there was no
6  reasonable basis for the state court to deny relief. The state court's decision is therefore
7  entitled to AEDPA deference. Accordingly, this claim is DENIED.

### IV. Cumulative Error

9      Petitioner claims there was cumulative error. (Pet. at 24–25.) The state appellate
10 court rejected this claim because there was no error by the trial court. (Ans., Ex. 2 at 17.)
11     In some cases, although no single trial error is sufficiently prejudicial to warrant
12 reversal, the cumulative effect of several errors may still prejudice a defendant so much
13 that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95
14 (9th Cir. 2003). Where there is no single constitutional error existing, nothing can
15 accumulate to the level of a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d
16 939, 957 (9th Cir. 2002).
17     Because Petitioner has not shown a single constitutional error, his cumulative error
18 claim necessarily fails. The state court's denial of the claim was therefore not
19 unreasonable and is entitled to AEDPA deference. Accordingly, this claim is DENIED.

### CONCLUSION

21     The state court's adjudication of the claim did not result in a decision that was
22 contrary to, or involved an unreasonable application of, clearly established federal law, nor
23 did it result in a decision that was based on an unreasonable determination of the facts in
24 light of the evidence presented in the state court proceeding. Accordingly, the petition is
25 DENIED.
26     A certificate of appealability will not issue. Reasonable jurists would not "find the
27 district court's assessment of the constitutional claims debatable or wrong." *Slack v.*
28 *McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability

1  from the Ninth Circuit Court of Appeals.

2  The Clerk shall enter judgment in favor of Respondents and close the file.

3  **IT IS SO ORDERED.**

4  Dated: February 29, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**